Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MIGUEL GALVEZ BONILLA and CRISTIAN ARONY MARTINEZ DOMINGUEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO, as individuals,

Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, **MIGUEL GALVEZ BONILLA and CRISTIAN ARONY MARTINEZ DOMINGUEZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA**

**& RESTAURANT OF ELMONT INC.,** located at 312 Meacham Ave., Elmont, NY 11003.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

7. Plaintiff MIGUEL GALVEZ BONILLA, residing in Hempstead, NY, was employed by Defendants at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., from in or around February 2020 until in or around April 2025.
8. Plaintiff CRISTIAN ARONY MARTINEZ DOMINGUEZ, residing in Hempstead, NY, was employed by Defendants at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., from in or around October 2022 until in or around March 2025.

***Corporate Defendants***

**SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC.**

9. At all relevant times hereto, Defendants SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., are domestic business corporations organized under the laws of New York with a principal executive office and service of process address at 312 Meacham Ave., Elmont, NY 11003.
10. Upon information and belief, Defendants SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., are corporations authorized to do business under the laws of New York.
11. At all relevant times hereto, Defendants SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages, hiring and termination of its employees.
12. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiffs as employees of both SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC.
13. Both Corporate entities employed the same employees, including Plaintiffs, performed work on the same job sites, and were both responsible for issuing Plaintiffs their wages.
14. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.
15. Accordingly, at all relevant times hereto, Defendants SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC. were Plaintiff's employers within the meaning and the intent of the FLSA and the NYLL.

16. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC. (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

**Joint Enterprise(s) of the Corporate Defendants**

17. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.
18. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendants sued herein.
19. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.
20. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the NYLL.

***Individual Defendants***

**VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO**

21. At all relevant times hereto, Defendants VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO own and operate SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC.
22. Upon information and belief, Defendants VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO are agents of SALVATORE'S OF ELMONT PIZZERIA &

RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC.

23. At all relevant times hereto, Defendants VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO are responsible for overseeing the daily operations of SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC.

24. At all relevant times hereto, Defendants VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO have power and authority over all the final personnel decisions at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC.

25. At all relevant times hereto, Defendants VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO have power and authority over all final payroll decisions at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC, including the Plaintiffs.

26. At all relevant times hereto, Defendants VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO have the exclusive power to hire and fire employees at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiffs.

27. During all relevant times herein, Defendants VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO, as individuals, were Plaintiffs' employers within the meaning of the FLSA and NYLL.

**<u>FACTUAL ALLEGATIONS</u>**

**<u>MIGUEL GALVEZ BONILLA</u>**

28. Plaintiff MIGUEL GALVEZ BONILLA was employed by Defendants at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., from in or around February 2020 until in or around April 2025.

29. During Plaintiff's employment by Defendants at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., Plaintiff's primary duties were as a cook, food preparer, dishwasher and cleaner, while performing other miscellaneous duties from in or around February 2020 until in or around April 2025.
30. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.
31. Plaintiff regularly worked a schedule of shifts of approximately twelve (12) hours per day for four days per week and approximately thirteen (13) hours per day for two days per week from in or around February 2020 until in or around April 2025.
32. Thus, Plaintiff was regularly required to work approximately seventy-four (74) hours per week from in or around February 2020 until in or around April 2025.
33. Plaintiff was paid by Defendants a flat weekly rate of approximately $1,200.00 per week from in or around February 2020 until in or around March 2023.
34. Plaintiff was paid exclusively in cash.
35. However, in or around April 2023 Defendants started deducting and unlawfully withholding $240.00 from Plaintiff's wages each week without any clear explanation as to the reason for such deductions and Defendants never provided any paystub or any written notification to Plaintiff about deductions from his pay, in violation of the NYLL.
36. Thus, after this illegal deduction, Plaintiff was paid a flat weekly rate of approximately $960.00 per week from April 2023 until in or around April 2025.
37. Additionally, although Plaintiff worked approximately seventy-four (74) hours per week from in or around February 2020 until in or around April 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
38. Furthermore, although Plaintiff worked more than ten (10) hours per day, approximately six (6) days per week from in or around February 2020 until in or around April 2025, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

39. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.
40. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
41. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.
42. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.
43. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**CRISTIAN ARONY MARTINEZ DOMINGUEZ**

44. Plaintiff CRISTIAN ARONY MARTINEZ DOMINGUEZ was employed by Defendants at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., from in or around October 2022 until in or around March 2025.
45. During Plaintiff's employment by Defendants at SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., Plaintiff's primary duties were as a cook, food preparer, dishwasher and cleaner, while performing other miscellaneous duties from in or around October 2022 until in or around March 2025.

46. Plaintiff regularly worked six (6) days per week during his employment with the Defendants.

47. Plaintiff regularly worked a schedule of shifts of approximately twelve (12) hours per day for four days per week and approximately thirteen (13) hours per day for two days per week from in or around October 2022 until in or around March 2025.

48. Thus, Plaintiff was regularly required to work approximately seventy-four (74) hours per week, from in or around October 2022 until in or around March 2025.

49. Plaintiff was paid by Defendants a flat weekly rate of approximately $1,200.00 per week from in or around October 2022 until in or around December 2023 and approximately $1,400.00 per week from in or around January 2024 until in or around March 2025.

50. Plaintiff was paid exclusively in cash.

51. Although Plaintiff worked approximately seventy-four (74) hours per week from in or around October 2022 until in or around March 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

52. Additionally, although Plaintiff worked more than ten (10) hours per day, approximately six (6) days per week from in or around October 2022 until in or around March 2025, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

53. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

54. Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during his employment in violation of the NYLL.

55. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

56. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's

inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

57. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

58. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

59. Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

60. Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

61. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

62. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and

proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiffs bring this wage-and-hour action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
64. Collective Class: All persons who are or have been employed by the Defendants as cooks, food preparers, dishwashers, cleaners, or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
65. Upon information and belief, Defendants employed approximately 15 or more employees or more within the relevant time period who Defendants subjected to similar unlawful payment structures that violated applicable law.
66. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
67. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
68. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.
69. Defendants' conduct as set forth in this Complaint was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.
70. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

71. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
72. The claims of Plaintiffs are typical of the claims of the whole putative class.
73. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
74. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**
**Overtime Wages Under The Fair Labor Standards Act**

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
76. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
77. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
78. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
79. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
80. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
81. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
**Overtime Wages Under New York Labor Law**

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
83. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
84. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.
85. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**THIRD CAUSE OF ACTION**
**Unlawful Wage Deductions Under The New York Labor Law**

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
87. Pursuant to § 193 of the New York Labor law, defendants are not permitted to deduct anything from tips, gratuities, or wages paid to Plaintiff.
88. Defendants unlawfully deducted the amount $240.00 each week from the wages of Plaintiff Miguel Galvez Bonilla without any clear explanation.
89. Said deductions from Plaintiff's pay, or forced expenditures, are prohibited and unlawful under § 193 of the New York Labor Law and under 22 NYSCRR § 146-1.8
90. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**Spread of Hours Compensation Under New York Labor**

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
92. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.
93. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

**FIFTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

94. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
95. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
96. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
98. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
99. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiff disgorgement, damages, and liquidated damages, for all money unlawfully deducted from his wages, in violation of NYLL § 193;
d. Awarding Plaintiffs' unpaid spread of hours compensation;
e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: June 6, 2025
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIGUEL GALVEZ BONILLA and CRISTIAN ARONY MARTINEZ DOMINGUEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. and SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC., VITO CORTESIANO, JOSEPH CAMPISI and ANNA ARRIGO, as individuals,

Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To:

*Service via Secretary of State:*
**SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC. (DOS ID: 5097241)**
312 Meacham Ave., Elmont, NY 11003

**SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC. (DOS ID: 5118445)**
312 Meacham Ave., Elmont, NY 11003

*via Personal Service:*
**SALVATORE'S OF ELMONT PIZZERIA & RESTAURANT INC.**
312 Meacham Ave., Elmont, NY 11003
**SALVATORE'S PIZZERIA & RESTAURANT OF ELMONT INC.**
312 Meacham Ave., Elmont, NY 11003

**VITO CORTESIANO**
312 Meacham Ave., Elmont, NY 11003

**JOSEPH CAMPISI**
312 Meacham Ave., Elmont, NY 11003

**ANNA ARRIGO**
312 Meacham Ave., Elmont, NY 11003